IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


JOSEPH A. VELCOVICH,

          Plaintiff,

v.                                        Civil Action No. 5:07CV113
                                                              (STAMP)
CONSOL ENERGY, INC.,
UNITED MINE WORKERS OF AMERICA
and UNITED MINE WORKERS OF
AMERICA, LOCAL 1638,

          Defendants.


### MEMORANDUM OPINION AND ORDER
### GRANTING DEFENDANT CONSOL ENERGY, INC.'S
### MOTION TO DISMISS,
### DENYING DEFENDANT UNITED MINE WORKERS OF AMERICA'S
### MOTION TO QUASH PURPORTED SERVICE OF PROCESS AND TO DISMISS,
### DENYING DEFENDANT UNITED MINE WORKERS OF AMERICA,
### LOCAL UNION 1638'S MOTION TO QUASH PURPORTED
### SERVICE OF PROCESS AND TO DISMISS AND
### SETTING DEADLINE FOR PLAINTIFF TO EFFECT SERVICE OF PROCESS


## I.  Procedural History

    The plaintiff, Joseph A. Velcovich ("Velcovich"), filed a

five-count complaint in this Court pursuant to section 301 of the

Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, against

defendants Consol Energy, Inc. ("Consol"), United Mine Workers of

America ("UMWA"), and United Mine Workers of America, Local 1638

("Local Union 1638").  Count One of the complaint alleges breach of

collective bargaining agreement against all defendants.  Count Two

alleges breach of duty of fair representation against defendants

UMWA and Local Union 1638.  Count Three alleges the tort of outrage

against all defendants. Counts Four and Five assert the plaintiff's claims for damages.

Defendant Consol has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant UMWA has filed a motion to quash purported service and, in the same document, to dismiss for insufficient service of process. Defendant Local Union 1638 has similarly filed a single-document motion to quash purported service and to dismiss for insufficient service of process. The time for filing responses to each of the defendant's motions to dismiss has passed, and, to date, the plaintiff has filed no response. Accordingly, this Court considers the defendants' motions as fully briefed and ready for disposition. For the reasons set forth below, this Court finds that Consol's motion to dismiss must be granted and that the motions by UMWA and Local Union 1638 to quash purported service of process and to dismiss should be denied.

## II. Facts

According to the complaint, the plaintiff was a previous employee of Consol who was placed on a "panel," or list, of employees who were idle because of a workforce reduction. Pursuant to the terms of the National Bituminous Coal Wage Agreement

("NBCWA"),[1] which the plaintiff alleges applies to the parties in this action, "[a] panel member shall be considered for every job which he has listed on his layoff form as one to which he wishes to be recalled." (Def. Consol's Mot. to Dismiss Ex. A at 2.) The plaintiff claims that he properly executed his layoff form and remained on the panel until February 2007.

The plaintiff alleges that Consol recalled him for a job listed on his layoff form, then subsequently improperly discharged him, in violation of the NBCWA. Specifically, the plaintiff claims that after passing a medical physical, as required by Consol, the plaintiff returned to a job which required him to walk into a mine. He alleges that he and another employee became short of breath when they walked into the mine, that the other employee asked for permission to ride, rather than walk, out of the mine, and that the plaintiff's supervisor ordered the plaintiff to ride with the other employee. The plaintiff was then sent home and subsequently discharged from duty.

Subsequently, the plaintiff contacted a representative of defendant Local Union 1638, who allegedly informed the plaintiff that Consol lacked just cause for discharging the plaintiff for health reasons in light of the plaintiff's passing the required physical. According to the plaintiff, Consol then indicated that

---

[1]The NBCWA is an agreement between the signatory coal operators and associations and the UMWA.

it had improperly recalled the plaintiff and that it was rescinding the plaintiff's name from the panel list because the plaintiff had failed to renew his panel form when Consol sent him a renewal notice in 2003.

The plaintiff alleges that Consol improperly removed his name from the panel list because the renewal notice was returned to Consol as undeliverable and Consol thereafter failed to forward it to Local Union 1638, as required by the NBCWA.[2] Plaintiff alleges that Consol never forwarded the undeliverable notice to the Local Union. Consequently, the plaintiff contends that his name properly remained on the panel list.

The plaintiff claims that he and defendant Local Union 1638 then filed a grievance against Consol for violating Article XXIV of the NBCWA, which requires good cause to discharge any employee, and Article XVII, which sets forth the notice requirement for renewing a panel listing. At some undisclosed point during the grievance process, Local Union 1638, which the plaintiff claims serves as an agent of the UMWA, decided not to proceed with the grievance or to pursue arbitration despite what the plaintiff deems clear breaches of the NBCWA. This suit followed.

Defendant Consol seeks dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief

---

[2]Pursuant to the NBCWA, an employer is required to forward any undeliverable notices to the Local Union, which then has thirty days to provide the employer with a new address.

can be granted. Defendant UMWA and defendant Local Union 1638 separately seek dismissal under Federal Rule of Civil Procedure 12(b)(5) for insufficiency of service of process.

## III. Applicable Law

### A. Dismissal for Failure to State a Claim

In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294 (2d ed. 1990). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the

claim and is designed to test whether there is a genuine issue of material fact. Id. § 1356, at 298. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357, at 304, 310.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances. Rogers, 883 F.2d at 325. A dismissal under Rule 12(b)(6) is granted only in cases in which the allegations raised in the complaint clearly demonstrate that the plaintiff does not have a claim and that no set of facts would support the plaintiff's claim. 5A Wright & Miller, supra § 1357, at 344-45.

B.   Dismissal for Insufficiency of Service of Process

A motion to dismiss may be based on "insufficiency of service of process." Fed. R. Civ. P. 12(b)(5). The requirements for service of process are set forth in Federal Rule of Civil Procedure 4(c)(1), which provides that a plaintiff is responsible for serving a summons, together with a copy of the complaint, within the time allowed under Rule 4(m). Fed. R. Civ. P. 4(c)(1). Rule 4(m), in turn, prescribes a 120-day period after the filing of the complaint during which a plaintiff must effect service. Fed. R. Civ. P. 4(m).

Rule 4(m), however, also states that a court must extend the time for service where a plaintiff who has failed to effect service within the prescribed 120-day period after the filing of the complaint shows good cause for such failure. Id.

## IV. Discussion

### A. Consol's Motion to Dismiss

In its motion to dismiss, Consol argues that the plaintiff's breach of contract against it must be dismissed because Consol is not a signatory to the NBCWA. Consol further argues that the plaintiff's state law tort claims must be dismissed because they are preempted by the LMRA.

#### 1. Breach of Contract Claim Against Consol

The plaintiff alleges that Consol breached the NBCWA by discharging him without good cause after recalling him to preform certain mine work and after the plaintiff passed the required medical physical. The plaintiff further alleges that Consol breached the NBCWA by discharging him after determining that plaintiff had been improperly recalled from the panel list.

The LMRA authorizes "[s]uits for violation of contracts between an employer and a labor organization . . . ." 29 U.S.C. § 185. However, "a suit against a non-signatory of a contract cannot be considered a suit for violation of the contract." United Mine Workers of America v. Covenant Coal Corp., 977 F.2d 895, 897 (4th Cir. 1992).

In this case, Consol argues that it cannot be found to have breached the collective bargaining agreement, as alleged in Count One of the plaintiff's complaint, because Consol is not a party to the NBCWA. In support of this assertion, Consol refers this Court to page 302 of the NBCWA, which sets forth a list of the coal companies and associations which authorized the Bituminous Coal Operators' Association, Inc. ("BOCA") to negotiate the NBCWA on their behalf.[3] Consol is not named among companies listed. Thus, it would appear that Consol is not a signatory to the NBCWA.

The plaintiff has offered no counter-argument to Consol's contention that Consol is not a signatory to the NBCWA. In light of the absence in this action of any evidence that Consol is a signatory or is otherwise bound by the terms of the NBCWA, this Court finds that the plaintiff's breach of collective bargaining agreement claim against Consol must be dismissed with prejudice.

2.   State Law Tort Claims Against Consol

Consol also argues that the plaintiff's state law claims for the tort of outrage and punitive damages must be dismissed against it. According to Consol, state law claims aimed at vindicating rights or enforcing duties created by a collective bargaining

---

[3]This Court may properly consider the NBCWA in its evaluation of Consol's motion to dismiss because the plaintiff invokes and relies upon the agreement in her complaint. See New Beckley Min. Corp. v. Int'l. Union, United Mine Workers of America, 18 F.3d 1161, 1164 (4th Cir. 1994) (district court properly considered the agreement in ruling on motion to dismiss because plaintiff relied upon it in its complaint).

agreement, such as the NBCWA, which necessarily require analysis of the collective bargaining agreement's terms, are preempted by § 301 of the LMRA. See Avco Corp. v. Int'l Ass'n of Teamsters, 390 U.S. 557 (1968). Consol claims that its liability for the alleged wrongful conduct giving rise to the plaintiff's state law claims necessitate analysis of the NBCWA because liability depends solely upon whether Consol's conduct was authorized under the NBCWA. Specifically, Consol argues that the plaintiff's tort of outrage and punitive damages claims require this Court to interpret the terms NBCWA to determine whether Consol's conduct in discharging the plaintiff and rescinding the plaintiff's offer of employment after determining that the plaintiff failed to renew his panel form in 2003 violated the terms of the NBCWA. Therefore, Consol concludes, the state law claims are preempted by § 301 of the LMRA and must therefore be dismissed. The plaintiff has presented no argument in opposition to Consol's motion.

The United States Supreme Court has stated the principle of preemption under § 301 of the LMRA as follows:

> [I]f the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law (which might lead to inconsistent results since there could be as many state-law principles as there are States) is pre-empted and federal labor-law principles--necessarily uniform throughout the Nation--must be employed to resolve the dispute.

Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 406 (1988).

Preemption under § 301 applies to a state law claim which "is inextricably intertwined with consideration of the terms of the labor contract." <u>Allis-Chalmers Corp. v. Lueck</u>, 471 U.S. 202, 213 (1985).

However, the operation of § 301 does not apply to a plaintiff's state law claim against a non-party to the collective bargaining agreement. <u>See</u> <u>Lingle</u>, 486 U.S. at 410 ("§ 301 pre-emption merely ensures that federal law will be the basis for interpreting collective-bargaining agreements, and says nothing about the substantive rights a State may provide to workers when adjudication of those rights does not depend upon the interpretation of such agreements."). Thus, because a non-party to a collective bargaining agreement is not bound by the terms of that agreement, resolution of a dispute between a non-party and a party to a collective bargaining agreement does not require interpretation of the terms of the agreement.

Here, if Consol is a party to the NBCWA, then analysis of the plaintiff's state law claims would require a determination of the rights and obligations of the parties under the NBCWA, and therefore, the plaintiff's state law tort of outrage and punitive damages claims would appear to be preempted by § 301 of the LMRA. However, as discussed above, no evidence has been presented to this Court to indicate that Consol is a party to the NBCWA.

Accordingly, the plaintiff's state law tort of outrage and punitive damages claims against Consol are not subject to LMRA pre-emption.

Nevertheless, this Court finds that the plaintiff's claims for the tort of outrage and punitive damages against Consol must be dismissed because the plaintiff bases these claims upon an allegedly wrongful employment action taken in breach of the NBCWA. If, as this Court has found based upon the record before it, Consol is not a signatory to that agreement--and therefore cannot breach it--then no conduct by Consol could constitute a wrongful employment action in breach of the NBCWA giving rise to the plaintiff's tort of outrage and punitive damages claims. Accordingly, the NBCWA is not applicable to the plaintiff's tort of outrage and punitive damages claims against Consol and--to the extent that the plaintiff relies upon the NBCWA as the basis for his tort of outrage and punitive damages claims against Consol-- this Court does not consider it. However, the plaintiff has stated no alternate basis upon which to assert these claims, and, therefore, this Court must dismiss them with prejudice against Consol.[4]

---

[4]In light of this Court's ruling dismissing the plaintiff's substantive law claims against Consol, Count Five, which alleges non-punitive damages, must also be dismissed.

B.  Motions by Defendants UMWA and Local Union 1638 to Quash Purported Service of Process and to Dismiss

Defendants UMWA and Local Union 1638 each filed a motion to quash purported service of process and to dismiss for insufficient service of process.  Both defendants contend that the plaintiff's efforts to serve them with a copy of the complaint and summons do not comport with the requirements of Federal Rule of Civil Procedure 4, and that the plaintiff has not shown good cause for his failure to effect timely and proper service.

According to the UMWA, the plaintiff sent the complaint and summons to it by certified mail, dated December 20, 2007, in an envelope addressed to Cecil Robert, President, at the UMWA's Fairfax, Virginia headquarters office.  The UMWA states that the envelope contained only a copy of the summons, which, like the envelope, was sent in care of Cecil Roberts, President; a copy of the complaint; and a copy of the civil cover sheet.  Upon receipt by the UMWA, the envelope and its contents were routed to Mr. Roberts' secretary for further handling.

Local Union 1638 offers a similar account.  According to Local Union 1638, the plaintiff sent the complaint to it by certified mail, dated December 20, 2007, in care of Richard Eddy, President, at the address of the UMWA District 31, Sub-District 6 office.  Local Union 1638 states that the envelope contained only a copy of the summons, which, like the envelope, was sent in care of Richard

Eddy, President; a copy of the complaint; and a copy of the civil cover sheet. The Sub-District 6 secretary informed plaintiff's counsel, by letter, that Richard Eddy was not the president of Local Union 1638, and that no one at the Sub-District 6 address was authorized to accept service on behalf of Local Union 1638. The letter also informed plaintiff's counsel of the appropriate address and proper agents for Local Union 1638.

Both the UMWA and Local Union 1638 claim that no other efforts to effect service appear to have been made or attempted. The plaintiff has offered no counter-argument to this assertion, and the record suggests nothing to the contrary.

1. <u>Effecting Proper Service of Process on an Unincorporated Association</u>

Pursuant to Federal Rule of Civil Procedure 4, a plaintiff must properly and timely either serve a defendant with a summons and copy of the complaint or request that the defendant waive service. <u>See</u> Fed. R. Civ. P. 4. Proper service upon an unincorporated association may be effected by following state law procedures in the state where the district court is located, or by delivering a copy of the summons and of the complaint to an officer or other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h). Under the federal rules, service must be made by a person who is at least eighteen years old and is not a party to the action, or by a United States

marshal or deputy marshal, or by a person whom the court specially appoints. Fed. R. Civ. P. 4(c). The federal rules do not provide for service by mail.

In West Virginia, state rules of civil procedure require that service be made upon an officer or agent of a defendant unincorporated association. <u>See</u> W. Va. R. Civ. P. 4(d)(9). Service by mail is permitted under West Virginia Rules of Civil Procedure, but such service is permitted only where the plaintiff pays a designated fee to the clerk of court for first class or certified mail and only where the clerk mails the summons and complaint, together with two copies of a notice and acknowledgment. W. Va. R. Civ. P. 4(d)(1)(D) and (E).

Alternatively, Federal Rule of Civil Procedure 4(d)(1) provides that a plaintiff may request waiver of service by the defendant. Fed. R. Civ. P. 4(d)(1). To request waiver of service, a plaintiff must comply with certain requirements:

> The notice and request [for waiver of service] must:
> (A)  be in writing and be addressed:
> * * *
>
>    (ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;
> (B)  name the court where the complaint was filed;
> (C)  be accompanied by a copy of the complaint, two copies of a waiver form, and a prepaid means for returning the form;
> (D)  inform the defendant, using text prescribed in Form 5, of the consequences of waiving and not waiving service;
> (E)  state when the request is sent;

(F) give the defendant reasonable time of at least 30
        days after the request was sent . . . to return the
        waiver; and
        (G) be sent by first class or other reliable means.

Fed. R. Civ. P. 4(d)(1).

        Here, the plaintiff filed his complaint on September 5, 2007.

The 120-day period for effecting proper service therefore ended on

January 3, 2008.  Although the plaintiff appears to have sent

defendants UMWA and Local Union 1638 copies of the summons and

complaints by certified mail on December 20, 2007, this effort at

service was ineffective under the Federal Rules of Civil Procedure.

No personal service appears to have been attempted upon any officer

of authorized agent for either the UMWA or the Local Union 1638.

Accordingly, the plaintiff did not comply with the procedures set

forth at Federal Rule of Civil Procedure 4(h)(1)(B).  Further, the

certified mail containing the copies of the summonses and

complaints appears to have been sent by the plaintiff's counsel

rather than by the clerk of court.  Thus, the service by mail did

not comport with the requirements of West Virginia Rule of Civil

Procedure 4(d)(1)(D) and (E) as an acceptable option for effecting

service by following state law, pursuant to Federal Rule of Civil

Procedure 4(e) and (h)(1)(A).

        Additionally, the plaintiff does not appear to have to

requested waiver of service.  The UMWA and the Local Union 1638

both claim that the envelopes they received contained only copies

of the summons, of the complaint, and of the civil cover sheet.  No

                                    15

request for waiver appears to have been sent to either defendant. Therefore, the record before this Court indicates that the plaintiff has failed to properly and timely serve defendants UMWA and Local Union 1638.

2. <u>Mandated Extension to Effect Service of Process upon a Showing of Good Cause</u>

However, if a plaintiff shows good cause for failing to effect proper service of process upon a defendant within 120 days from the date of the filing of the complaint, a court must extend the period for service for an appropriate time. Fed. R. Civ. P. 4(m).

The plaintiff in this action has filed no responses to the motions to dismiss for insufficient service of process, nor has he otherwise communicated with this Court his reasons for failing to effect proper and timely service. Because the plaintiff has neither shown nor attempted to show good cause, this Court concludes that it is not required to extend the time service under the dictates of Rule 4(m).

3. <u>Consequences for Failure to Show Good Cause</u>

Defendants UMWA and Local Union 1638 argue that if the plaintiff has failed to show good cause for failure to effect sufficient service of process, this Court is required to dismiss the action. The UMWA and Local Union 1638 rely upon a number of cases interpreting Rule 4 as mandating dismissal where a plaintiff has failed to show good cause. However, the cases cited by the

defendants interpret the predecessor to Rule 4(m), Rule 4(j), which was amended in 1993 and again in 2007. This Court believes that under the current version of Rule 4, which is applicable to this case, dismissal is neither required nor warranted at this time.

Before 1993, the Federal Rules of Civil Procedure required dismissal if a defendant was not served within the 120-day period absent a showing of good cause. <u>See, e.g.</u>, <u>Shao v. Link Cargo (Taiwan) Ltd.</u>, 986 F.2d 700, 708 (4th Cir. 1993) (applying Rule 4(j), the predecessor to Rule 4(m)). The language of the rule itself provided no discretion for the courts to extend the time for service if the plaintiff could not show good cause:

> If the service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Fed. R. Civ. P. 4(j) (1993).

In 1993, this rule was amended and redesignated as Rule 4(m). The amended rule states:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant <u>or direct that service be effected within a specified time</u>; provided that the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (1993)(emphasis added).

The Advisory Committee Notes to the 1993 Amendment explain that the new Rule 4(m) expressly requires courts to extend the period for service if the plaintiff shows good cause, and "authorizes the court to relieve a plaintiff of the consequences" of failing to timely and properly effect service "even if there is no good cause shown." Fed. R. Civ. P. 4, Advisory Committee Note, 1993 Amendment.

Most courts have held that this amendment substantively changed the rule's content by eliminating the good cause requirement--thereby giving courts discretion to extend the time for effecting service even in the absence of a showing of good cause--and by requiring courts to extend the time for service for an appropriate time where the plaintiff does show good cause. See Horenkamp v. Van Winkle and Co., 402 F.3d 1129 (11th Cir. 2005) (collecting cases). Moreover, in 1996, the United States Supreme Court, in dicta, observed that under the 1993 amendment to Rule 4, courts have discretion to extend the time for service even absent a showing of good cause. Henderson v. United States, 517 U.S. 654 (1996).

In 2007, the rule was amended again. The Advisory Committee Notes to the 2007 Amendment state that the changes contained in Rule 4 "are intended to be stylistic only" and are "part of the general restyling of the Civil Rules to make them more easily understood . . . ." Fed. R. Civ. P. 4, Advisory Committee Note,

2007 Amendment. Thus, the 2007 Amendment appears to contain no substantive changes to Rule 4(m). As amended in 2007, Rule 4(m) reads, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (2007).

This Court acknowledges that a published opinion by the United States Court of Appeals for the Fourth Circuit has held that a district court must dismiss under Rule 4(m) in the absence of a showing of good cause for failure to effect timely service of process. Mendez v. Elliot, 45 F.3d 75, 80 (4th Cir. 1995). However, several factors suggest to this Court that Mendez is not applicable to this case.

First, the relevant events in Mendez occurred between April 26, 1993 and October 20, 1993. Because the 1993 Amendment did not become effective until December 1, 1993, the plaintiff in Mendez would have been subject to the pre-amendment version, Rule 4(j), which mandated dismissal absent a showing of good cause. See id. at 78. In its decision, the Mendez court referred to the relevant rule as the renumbered "Rule 4(m)," but noted that it did so "[f]or convenience." Mendez, 45 F.3d at 77 n.1. Thus, although the Mendez court referred to the pertinent rule as "Rule 4(m)," the

decision's analysis appears to have been based upon the content of the pre-amendment rule, Rule 4(j).[5]

Second, the Fourth Circuit decided <u>Mendez</u> in 1995, before the Supreme Court issued its <u>Henderson</u> decision in 1996.  Consequently, the Fourth Circuit did not have the benefit of the Supreme Court's commentary concerning the 1993 Amendment before deciding <u>Mendez</u>.

Third, the 2007 amendment to Rule 4 was undertaken, in part, to ensure clarity.  The most recent language unambiguously vests courts with the discretion to dismiss or to order that service be effected within a specified time.  However, if a plaintiff shows good cause, a court must grant an extension.

Finally, the Fourth Circuit, acknowledging the Supreme Court's commentary in <u>Henderson</u>, has more recently stated in unpublished decisions that it believes Rule 4(m) permits a district court to extend the period of time to effect service even in the absence of a showing of good cause.  <u>See</u> <u>Scruggs v. Spartanburg Reg'l Med. Ctr.</u>, No. 98-2364, 1999 WL 957698, at *2 (4th Cir. Oct. 19, 1999)(unpublished) (citing <u>Henderson v. United States</u>, 517 U.S. 654, 658 n. 5 (1996)); <u>Giacomo-Tano v. Levine</u>, No. 98-2060, 1999 WL

---

[5]The Fourth Circuit stated, without discussion, that "Rule 4(j) was edited without a change in substance and renumbered as Rule 4(m), effective December 1, 1993."  <u>Mendez</u>, 45 F.3d at 78.  However, because the plaintiff was not subject to the amended rule in any event, analysis of the case did not require the court to compare the language of pre-amendment Rule 4(j) with the language of post-amendment Rule 4(m).  Thus, this statement appears to have been necessary only to clarify the court's reference to Rule 4(m), not to reach the holding of the case.

976481, at *2 (4th Cir. Oct. 27, 1999)(unpublished) ("Even if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service.") (citing Henderson v. United States, 517 U.S. 654, 658 n. 5 (1996); Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 341 (7th Cir. 1996); Hendry v. Schneider, 116 F.3d 446, 449 (3d Cir. 1997))).

In light of the Supreme Court's observation in Henderson, the 2007 changes to the text of Rule 4(m) to make it more easily understood, the Fourth Circuit's unpublished post-Mendez decisions suggesting that Mendez may no longer be applicable, and the weight of authority finding that Rule 4(m) permits courts to enlarge the time for service in the absence of a good-cause showing, this Court believes that it has discretion to enlarge the period for effecting service, even if the plaintiff has failed to show good cause.

4.  Considerations When Determining Whether to Extend or Dismiss

Several factors may be considered in determining whether to grant an extension to a plaintiff who has not shown good cause. Included among them are whether a statute of limitations bar would preclude the plaintiff from re-filing, whether an extension will prejudice the defendant, whether the defendant had actual notice of the lawsuit, and whether the plaintiff eventually effected service. Troxell v. Fedders of North America, Inc., 160 F.3d 381 (7th Cir. 1998).

21

Here, this Court finds that the circumstances of this case warrant granting an extension. First, this Court assumes without deciding that the statute of limitations for the plaintiff's claims under § 301 of the LMRA would bar him from refiling those claims. See <u>DelCostello v. Int'l Bhd. of Teamsters</u>, 462 U.S. 151, 171 (1983) (adopting six-month statute of limitations from § 10(b) of National Labor Relations Act to § 301 of LMRA where state law fails to provide perfectly analogous cause of action). Second, the defendants have offered no argument, and this Court finds no evidence to suggest, that they would be prejudiced by an extension. For these reasons, this Court believes that an extension of time to effect service should be granted. Accordingly, the motions by defendants UMWA and Local Union 1638 to quash purported service of process and to dismiss will be denied.

V. <u>Conclusion</u>

Based upon the foregoing discussion, the motion to dismiss by Consol Energy, Inc. is GRANTED, the motion by the United Mine Workers of America to quash purported service of process and to dismiss is DENIED, and the motion by United Mine Workers of America, Local 1638, to quash purported service of process and to dismiss is hereby DENIED. The plaintiff shall complete service of process on or before **December 24, 2008** upon defendants United Mine Workers of America and United Mine Workers of America, Local 1638

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    September 25, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE